UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FARIS ABDUL-MATIYN,

                              Plaintiff,

                -against-

DISTRICT ATTORNEY'S OFFICE BRONX
COUNTY,

                              Defendant.

21-CV-11074 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendant, the Bronx County District Attorney's Office, deprived him of his right to a fair trial.

Plaintiff seeks declaratory relief. By order dated February 3, 2022, the Court granted Plaintiff's

request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] The Court

dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

          The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

---

[1] Plaintiff filed this action on December 22, 2021. By order dated December 28, 2021, the
Court dismissed the complaint for Plaintiff's failure to comply with the May 5, 2016, order in
*Richardson, et al. v. City of New York*, 1:15-CV-6025, 10 (S.D.N.Y. May 5, 2016), which barred
Plaintiff from filing any new action IFP without first obtaining from the court leave to file. (ECF
3.) On January 19, 2022, Plaintiff filed a motion seeking permission to file this action. (ECF 5.)
Because Plaintiff's motion was an attempt to comply with the bar order and because this action
appeared to be a departure from Plaintiff's pattern of repetitive and vexatious litigation that led
to the bar order, the Court treated Plaintiff's motion as a motion for reconsideration of its order
of dismissal, granted the motion, and directed the Clerk of Court to vacate its order of dismissal
and judgment and to reopen this matter. (ECF 8.)

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. Plaintiff alleges that Defendant Bronx District Attorney's Office "conspired against" him because Plaintiff "is of the 'black race'

and wouldn't just submit to the charges" by pleading guilty. (ECF 2, at 1.) Defendant

"conspire[ed] with others" to convict Plaintiff using false testimony, and "even used [Plaintiff's]

attorney to assist them by having [P]laintiff's attorney disclose privileged information." (*Id.* at

1.) Specifically, Plaintiff alleges that Defendant "conspired to have witnesses falsely testify that

[P]laintiff lived in a one-bedroom kitchenette instead of a two bedroom apartment." (*Id.*)

Plaintiff maintains that this testimony was "vital" to the prosecution because it made the

prosecutor's version of events "more believable" than Plaintiff's version, and thereby

"reassure[ed] a conviction." (*Id.*)

Plaintiff alleges that the prosecutor "could have easily obtained a[] copy of the

blueprints" of Plaintiff's apartment in order to compare the layout of the apartment with the

"story given by all the prosecutor['s] witnesses who testified about how plaintiff's apartment was

structured." (*Id.* at 11.) Plaintiff states that he "think[s]" the prosecutor did in fact look at the

blueprints and then "hatched his conspiratorial plan after seeing that he would not win and get a

guilty verdict if the true structure of plaintiff's apartment was known to the jury." (*Id.*)

He further alleges that the Defendant "told the court that there was a bloody machete that

was used by plaintiff which they never produced, because it never existed." (*Id.* at 4.)

Plaintiff's factual allegations are interspersed with summaries of legal concepts and case

law that appear only tangentially related, if at all, to Plaintiff's factual allegations. For example,

Plaintiff includes a lengthy discussion of the rule laid out by the Supreme Court in *Brady v.

Maryland* and its progeny, (*see id.* at 5-6), as well as summaries of concepts and the historical

development of case law arising under the Fourteenth Amendment, (*see id.* at 6-12).

Plaintiff seeks a declaratory judgment that Defendant's actions deprived him of a right to

a fair trial, that his conviction was obtained by means of false testimony, and that his

constitutional rights were violated "solely because he was a person of the poor black race." (*Id.* at 13.)

Plaintiff provides no information about his conviction, such as when, where, or of what he was convicted, or the sentence imposed. He does, however, state that the Defendant "recently re-iterated the conviction in court just a month ago, to turn plaintiff's 25 year sentence into a life sentence on parole." (*Id.* at 4.)

Public records show that, on February 27, 1984, following a jury trial, Plaintiff, who was formerly known as Stephen Jackson, was convicted in the Supreme Court of the State of New York, Bronx County, of several counts of first-degree rape, sodomy, and sexual abuse, as well as assault and criminal possession of a weapon. *See Abdul-Matiyn v. Mitchell*, No. 92-CV-6654, 1994 WL 367075, at *1 (S.D.N.Y. July 14, 1994) (describing Plaintiff's conviction). On March 20, 1984, Plaintiff was sentenced, as a predicate felony offender, to concurrent indeterminate terms of imprisonment of from 12 ½ to 25 years on each of the four counts of rape and sodomy, 3 ½ to 7 years on each of the three counts of sexual abuse and assault, and a determinate term of 1 year on the possession of a weapon count. *See id.* Plaintiff filed appeals in both the state and federal courts, which were denied. *See id.* By order dated July 14, 1994, the Hon. Judge Peter Keeton Leisure of this court denied Plaintiff's petition for a writ of *habeas corpus*. *Id.* at 4. The Court of Appeals for the Second Circuit dismissed Plaintiff's appeal. *See* No. 94-2434 (2d. Cir. Mar. 7, 1995).

According to records maintained by the New York State Department of Corrections and Community Supervision (DOCCS), Plaintiff was released on parole on May 5, 2006.[2] On March 9, 2008, Plaintiff was discharged from parole.[3]

## DISCUSSION

Plaintiff's claim, in which he seeks a declaratory judgment that Defendant violated his federal constitutional rights, arises under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Prosecutors are immune from civil suits for money damages under Section 1983 for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, federal prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as

---

[2] *See* http://nysdoccslookup.doccs.ny.gov/.

[3] *See* https://publicapps.doccs.ny.gov/ParoleeLookup/default.

advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*).

Additionally, "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). This immunity shields the States from claims for monetary damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). "[I]f a district attorney or an assistant district attorney acts as a prosecutor, she is an agent of the State, and therefore immune from suit in her official capacity." *D'Alessandro v. City of New York*, 713 F. App'x 1, 8 (2d Cir. 2017).

Prosecutors are not immune, however, from suits seeking certain injunctive and declaratory relief. *See Li v. Lorenzo*, 712 F. App'x 21, 23–24 (2d Cir. 2017). "If a complaint 'alleges an ongoing violation of federal law and seeks relief properly characterized as prospective,' then such injunctive or declaratory relief is not barred by immunity." *Li*, 712 F. App'x at 23 (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)); *see In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) ("[A] plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for prospective injunctive relief from violations of federal law.") (citations and quotation marks omitted); *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000); *see also Pulliam v. Allen*, 466 U.S. 522, 541-42, 104 S. Ct. 1970, 80 L.Ed.2d 565 (1984) ("[J]udicial immunity is not a bar to

prospective injunctive relief against a judicial officer acting in her judicial capacity."); *Shmueli v. City of New York*, 424 F.3d 231, 239 (2d Cir. 2005) (applying *Pulliam* to prosecutorial immunity).

While prosecutorial immunity "does not bar the granting of injunctive relief," *Shmueli*, 424 F.3d at 329, simply "ask[ing] the Court only to recognize a past wrong . . . in the context of declaratory relief, does not in itself 'amount to that real and immediate threat of injury necessary to make out a case or controversy,'" *Morales v. City of New York*, 59 F. Supp. 3d 573, 581 (S.D.N.Y. 2014) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)); *see also Ippolito v. Meisel*, 958 F. Supp. 155, 165 (S.D.N.Y. 1997) ("[C]ourts are not obliged to entertain actions for declaratory judgment not seeking prospective relief but merely declaring past wrongs.")

Here, Plaintiff cannot be seeking prospective injunctive or declaratory relief because the criminal case that forms the basis of his complaint has long since ended. According to records maintained by DOCCS, Plaintiff has served the prison sentence arising from his conviction and has been discharged from parole. There is no ongoing prosecutorial conduct that could be the subject of injunctive relief. In seeking a declaration that Defendant violated his rights during his 1984 criminal trial, Plaintiff is asking the Court "only to recognize a past wrong," a request that does not "amount to that real and immediate threat of injury necessary to make out a case or controversy." *Morales*, 59 F. Supp. 3d at 581–82 (internal quotation marks and citation omitted); *see also Green v. Mansour*, 474 U.S. 64, 71-73 (1985) (holding that if there is no allegation of an ongoing violation of federal law, the Eleventh Amendment prevents federal courts from providing notice relief or a declaratory judgment that state officials violated federal law in the past). Plaintiff's Section 1983 claims for declaratory relief are therefore barred by both the

doctrine of prosecutorial immunity and the Eleventh Amendment, and fail to present a justiciable case or controversy and are therefore dismissed.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 22, 2022
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                              Chief United States District Judge